IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIJAY MURUGESH ADAIKKAPPAN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-4351 |
| | : | |
| LIFE INSURANCE COMPANY OF | : | |
| NORTH AMERICA | : | |

# ORDER

AND NOW, this 21st day of March, 2019, upon consideration of Plaintiff Vijay Murugesh Adaikkappan's Motion for Summary Judgment, Defendant Life Insurance Company of North America's (LINA) Motion for Summary Judgment, the responses thereto, and the parties presentations at the June 26, 2018, oral argument on the Motions, and for the reasons set forth in the accompanying Memorandum, it is ORDERED:

1. Adaikkappan's Motion (Document 18) is GRANTED. Judgment is entered in favor of Adaikkappan. LINA is DIRECTED to pay Adaikkappan the outstanding long-term disability benefits from the date of termination until April 7, 2018, and to pay prejudgment interest on those benefits, in accordance with the accompanying Memorandum.[1]

2. LINA's Motion (Document 19) is DENIED.

3. This case is REMANDED to LINA insofar as Adaikkappan seeks a determination as to whether he is entitled to disability benefits beyond April 7, 2018, under the Social Security Disability standard set forth in the Plan.

---

[1] Because LINA's decision to terminate Adaikkappan's benefits was arbitrary and capricious, his benefits should be reinstated in full and LINA shall pay him any outstanding benefits owed up until April 7, 2018—the date Adaikkappan's 24-month period expired to receive long-term disability benefits under the "own occupation" standard. *See Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 856-57 (3d Cir. 2011) ("In the termination context . . . a finding that a decision was arbitrary and capricious means that the administrator terminated the claimant's benefits unlawfully. Accordingly, benefits should be reinstated to restore the status quo.").

Because the administrative record was filed under seal, the Memorandum in the above-captioned case has been temporarily filed under seal. The parties are DIRECTED to provide the Court with any proposed redactions to the Memorandum, together with the reason for each redaction, on or before April 4, 2019. The Court will then determine whether to accept the proposed redactions and will unseal the Memorandum in an appropriate form.

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.