## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIJAY MURUGESH ADAIKKAPPAN,<br><br>Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | C.A. No. 2:17-cv-04351-JS |

## PLAINTIFF'S MOTION FOR AWARD OF REASONABLE ATTORNEY FEES AND COSTS

Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff, Vijay Murugesh Adaikkappan ("Mr. Adaikkappan), hereby moves to assess Defendant, Life Insurance Company of North America ("LINA"). Mr. Adaikkappan relies upon the accompanying Memorandum of Law in support of this motion and incorporates it by reference as if set forth here in full.

Respectfully submitted,

**THE LAW OFFICE OF DANIEL M. MCLEAN**

/s/ Daniel M. McLean
Daniel M. McLean, Esquire
PA Attorney ID 93609
225 Cornell Avenue
Swarthmore, PA 19081
610-331-4259
*Attorney for Plaintiff,*
      *Vijay Murugesh Adaikkappan*

Date: April 4, 2019

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VIJAY MURUGESH ADAIKKAPPAN, | |
| Plaintiff, | |
| v. | C.A. No. 2:17-cv-04351-JS |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendant. | |

**ORDER**

AND now this _____ day of _____. 2015, after full consideration of Plaintiff's Motion for Award of Attorney Fees and Costs and subsequent related briefing, it is hereby **ORDERED** that Plaintiff's Motion for Award of Attorney Fees and Costs is **GRANTED** in its entirety. Defendant shall pay Plaintiff's attorney fee of $77,222.50, as well as Plaintiff's litigation costs of $691.87. Defendant shall issue these payments directly to Plaintiff's counsel within thirty days (30) of this Order, at the following address:

> Daniel M. McLean, Esquire
> 225 Cornell Avenue
> Swarthmore, PA 19081

IT IS SO ORDERED:

_____

Juan R. Sánchez, C.J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VIJAY MURUGESH ADAIKKAPPAN, | |
| Plaintiff, | |
| v. | C.A. No. 2:17-cv-04351-JS |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF REASONABLE ATTORNEY FEES AND COSTS**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION & PROCEDURAL HISTORY ……………………………........ 2

II.   LEGAL CONSIDERATIONS FOR AWARDING ATTORNEYS FEES AND
      COSTS IN ERISA LITIGATION ...........................................…………………….. 2

      A.   Statutory authority ……………………………………………………2

      B.   Availability of award – "some degree of success" from the litigation ………... 2

      C.   Discretion to grant award should be based on consideration of five factors …... 3

           1.  Culpability or Bad Faith ……………………………………………... 3

           2.  Ability to Pay Attorney Fee Award ……………………………………4

           3.  Potential Deterrent Effect of an Attorney Fee Award ……………………  4

           4.  Potential Benefit of Underlying Action to Other Plan Participants ……….  5

           5.  The Relative Merits of the Parties' Positions ………………………… 5

III.  REASONABLENESS OF FEES – THE LODESTAR METHOD ……………………. 6

      A.   Reasonable Hourly Rate ……………………………………………... 6

      B.   Reasonable Hours Worked ……………………………………………7

IV.   ARGUMENT ………………………………………………………………... 8

      A.   Because Mr. Adaikkappan is a prevailing party, this Court has discretion to
           award reasonable attorneys fees and costs to him. ……………………………. 8

      B.   Upon analysis of the five factors, this Court should award reasonable attorneys
           fees and costs to Mr. Adaikkappan. ………………………….................... 8

           1.   LINA was culpable, and exercised bad faith in its dealings with Mr.
                Adaikkappan. …………………………………………………... 8

           2.   LINA has the ability to satisfy an award of reasonable attorneys fees
                and costs. …………………………………………………………10

3.      An award of reasonable attorneys fees and costs in this case would have a deterrent effect on LINA and other employer-based group disability insurers. ……………………………………………………… 10

4.      An award of reasonable attorneys fees and costs in this case would have a neutral impact on other Plan participants, or would confer benefit to them. ……………………………………………………… 11

5.      LINA's position was illogical, arbitrary and capricious, whereas Mr. Adaikkappan consistently exercised good faith and fair dealing, and was well-justified in this matter. ………………………………………..12

C.      The claimed hourly rate is reasonable in light of prevailing rates, Plaintiff's counsel's experience, and the difficulty of the litigated subject matter. ……….. 13

D.      The highly detailed exposition of claimed attorney hours worked is reasonable in each and every instance. …………………………………………………...14

V.      CONCLUSION ………………………………………………………………… 15

## TABLE OF AUTHORITIES

**CASES**

E.C. v. School Dist. of Phila.,

    91 F.Supp.3d 598 (E.D. Pa. 2015) ............................................................ 7, 8

Eckert v. Chauffeurs, Teamsters and Helpers Local Union 776 Profit Sharing Plan,

    No. 1:15-cv-1920 (M.D. Pa. Sept. 17, 2018) ........................................... 4

Elizabeth S. v. Sch. Dist. of Phila.,

    No. 11-1570, 2012 WL 2469547 (E.D. Pa. June 28, 2012) ....................... 9

Hahnemann Univ. Hosp. v. All Shore, Inc.,

    514 F.3d 300 (3rd Cir. 2008) .................................................................... 7

Haisley v. Sedgwick Claims Management Services, Inc.,

    No. 08-1463, 2011 WL 4565494 (W.D. Pa. Sept. 29, 2011) ..................... 6

Hardt v. Reliance Standard Life Ins. Co.,

    130 S.Ct. 2149 (2010) .............................................................................. 3

Interfaith Cmty Org. v. Honeywell Int'l, Inc.,

    726 F.3d 403 (3rd Cir. 2013) .................................................................... 7

Levine v. Life Ins. Co. of N. Am.,

    182 F.Supp.3d 250 (E.D. Pa. 2016) .............................................. 4, 6, 8, 15

Maldonado v. Houstoun,

    256 F.3d 181 (3rd Cir. 2001) .................................................................... 8

McKenna v. City of Phila,

    582 F.3d 447 (3rd Cir. 2009) .................................................................... 7

McPherson v. Emp.'s Pension Plan of Am. Re-Ins. Co.,

    33 F.3d 253 (3d Cir. 1994)................................................................. 3, 5, 10

Moon v. Unum Provident Corp.,

    461 F.3d 639 (6th Cir. 2006) ..................................................................... 5

Music v. Prudential Ins. Co. of Am.,

    No. 05-1223, 2007 WL 3085606 (M.D. Pa. Oct. 19, 2007) ............................... 4

Pelzer v. City of Phila.,

    771 F.Supp.2d 465 (E.D. Pa. 2011) ............................................................ 7

Perdue v. Kenny A. *ex rel.* Winn,

    130 S.Ct. 1662 (2010) ......................................................................... 6, 7

Rode v. Dellarciprete,

    892 F.2d 1177 (3rd Cir. 1990) ................................................................ 7, 9

Shanea S. v. Sch. Dist. of Phila.,

    No. 12-cv-1056, 2014 WL 2586940, at *5 (E.D. Pa. June 10, 2014)................................. 9

Templin v. Independence Blue Cross,

    785 F.3d 861 (3rd Cir. 2015) .......................................................... 3, 6, 10

Ursic v. Bethlehem Mines,

    719 F.2d 670 (3rd Cir. 1983) ................................................................ 3, 5

Washington v. Phila. Cnty. Court of Common Pleas,

    89 F.3d 1031 (3rd Cir. 1996) .................................................................. 8

**STATUTES**

29 U.S.C. § 1132(a)(1)(B) ....................................................................... 2

29 U.S.C. § 1132(g)(1) ........................................................................ 2, 9

**OTHER AUTHORITIES**

BLACK'S LAW DICTIONARY (7th ed. 1999) ...................................................................................... 3

Pratt, David A., *Focus on . . . Attorney's Fees in ERISA Litigation* (August 15, 2017). Vol. 24

    (no. 2) <u>Journal of Pension Benefits</u> 9 (Winter 2017). ........................................................ 8

Plaintiff Vijay Murugesh Adaikkappan ("Mr. Adaikkappan") respectfully submits this Memorandum of Law in support of his Motion for Attorney Fees and Costs ("Motion").

## I.      INTRODUCTION & PROCEDURAL HISTORY

Plaintiff brought a civil action under 29 U.S.C. § 1132(a)(1)(B) against Defendant, Life Insurance Company of North America ("LINA"), claiming LINA wrongfully deprived Mr. Adaikkappan of employer-sponsored disability benefits. On March 21, 2019, this Court concluded that LINA's denial of Mr. Adaikkappan's claim for disability benefits was arbitrary and capricious.

Given the particular circumstances of this case, Plaintiff's counsel seeks attorney fees for 181.7 hours of work, at a rate of $425.00 per hour, totaling $77,222.50. Plaintiff's counsel also seeks reimbursement for litigation costs in the amount of $691.87. Evidence regarding prevailing rates for attorneys in the Philadelphia market is attached as Exhibit A. A declaration detailing Plaintiff's counsel's attorney experience is provided as Exhibit B. A detailed line-item breakdown of the attorney time worked in this case is provided at Exhibit C.

## II.      LEGAL CONSIDERATIONS FOR AWARDING ATTORNEYS FEES AND COSTS IN ERISA LITIGATION

### A.  Statutory authority.

A district court may award a prevailing party reasonable attorneys fees and costs, pursuant to 29 U.S.C. § 1132(g)(1) ("In any action brought under this subchapter . . . the court in its discretion may allow a reasonable attorneys' fees and costs of action to either party.")

### B.  Availability of award – "some degree of success" from the litigation.

A party seeking attorneys fess under ERISA need not be a "prevailing party." Hardt v. Reliance Standard Life Ins. Co., 130 S.Ct. 2149, 2158 (2010). Rather, a party seeking attorneys fees under ERISA must show "*some* degree of success" resulting from the civil action. Templin v.

Independence Blue Cross, 785 F.3d 861, 863 (3rd Cir. 2015)(quoting Hardt at 2149) (emphasis in original).

**C. <u>Discretion to grant award should be based on consideration of five factors.</u>**

Once the threshold of some success in the litigation is met, a district court should evaluate the five factors expressed in <u>Ursic v. Bethlehem Mines</u>, 719 F.2d 670, 673 (3rd Cir. 1983); <u>McPherson v. Emp.'s Pension Plan of Am. Re-Ins. Co.</u>, 33 F.3d 253, 254 (3d Cir. 1994); <u>Templin</u>, 785 F.3d at 867. There is a "close relationship" between several of the five factors. <u>Templin</u>, 785 F.3d at 868.

**1. <u>Culpability or Bad Faith</u>**

The first consideration is the offending party's culpability or bad faith. BLACK'S LAW DICTIONARY (7th ed. 1999) defines "culpable" as "1. Guilty; blameworthy" or "2. Involving the breach of a duty." A party should be considered culpable if "blameable; censurable [or] at fault." <u>McPherson</u> 33 F.3d at 257; <u>Templin</u> 785 F.3d at 868.

Culpable conduct need not rise to a level of "malice or a guilty purpose." <u>Id.</u> "Culpable conduct includes illogical or arbitrary denials of ERISA benefits." <u>Eckert v. Chauffeurs, Teamsters and Helpers Local Union 776 Profit Sharing Plan</u>, C.A. No. 1:15-cv-1920, Mem. Op. at 8 (M.D. Pa. Sept. 17, 2018) (citing, <u>Music v. Prudential Ins. Co. of Am.</u>, No. 05-1223, 2007 WL 3085606, at *2 (M.D. Pa. Oct. 19, 2007). "Under this broad definition, courts have found illogical, arbitrary, or capricious denials of ERISA benefits to be culpable." <u>Patterson v. Aetna Life Ins. Co.</u>, No. 15-8156, Mem. Op. at 3 (D.N.J. Jul. 27, 2018) (quoting <u>Music</u>, 2007 WL 3085606, at *2).

Placing excessive weight on the opinions of non-treating physicians and irrationally discounting treating physician opinions can qualify as culpable behavior. <u>Music</u>, 2007 WL

3085606, at *2 (citing <u>Addis v. Ltd. Long-Term Disability Program</u>, No. 05-357, 2006 WL 2387087 at *1 (E.D. Pa. Aug. 3, 2006)).

Regarding bad faith, if "the medical record was unambiguous" regarding the plaintiff's inability to perform plaintiff's own occupation, a conclusion of bad faith on the part of the insurer can be appropriate. <u>Levine v. LINA</u>, 182 F.Supp.3d 250, 267 (E.D. Pa. 2016).

### 2.  <u>Ability to Pay Attorney Fee Award</u>

The second consideration is the ability to pay an award of attorneys fees. Generally, profitable, publicly-traded corporations with nationwide presence are presumed able to pay an award of attorneys fees, absent a showing to the contrary. *See*, <u>id.</u>. Courts have found "large insurance corporation[s]" able to satisfy reasonable attorney fees and costs awards. <u>Clauss v. Geisinger Health Plan</u>, No. 14-889, Mem. Op. at 20 (M.D. Pa. Jul. 21, 2016) (citing, <u>Moon v. Unum Provident Corp.</u>, 461 F.3d 639, 644 (6th Cir. 2006)).

### 3.  <u>Potential Deterrent Effect of an Attorney Fee Award</u>

The third consideration is the potential deterrent effect of an award of attorneys fees on the offending party. <u>Ursic</u>, 719 F.3d at 673. As the Third Circuit noted, "We believe it will further the objectives of ERISA if fee awards are employed to deter behavior that falls short of bad faith conduct." <u>McPherson</u>, 33 F.3d at 258. An award of attorneys fess is a deterrent by making similar defendants "less likely and not so quick to deny benefits to other participants[.]" <u>Id.</u> Under this consideration, "an award is proper if it will encourage the offending party to comply with the general objectives of ERISA and treat plan participants fairly in the future." <u>Patterson</u>, No. 15-8159, Mem. Op. at 3-4 (D.N.J. Jul. 27, 2018) (quoting <u>Music</u>, 2007 WL 3085606, at *3).

### 4.   <u>Potential Benefit of Underlying Action to Other Plan Participants</u>

The fourth consideration is any potential benefit to other Plan members by a plaintiff's success in the litigation. To put it another way, "The fourth factor requires consideration of the benefit, if any, that is conferred on others by the court's judgment." <u>McPherson</u>, 33 F.3d at 256.

The identification and deterrence of culpable conduct would seem to offer a real benefit to other Plan members; however, to date, the Third Circuit Court of Appeals has not embraced that outlook, seemingly preferring not to further blur the lines of the five-step analysis if possible. <u>See</u>, <u>Templin</u>, 785 F.3d at 868. Of significance, in a relatively recent, similar ERISA disability insurance benefits case, this Court found this fourth factor to be neutral, favoring neither side in the analysis. <u>Levine</u>, 182 F.Supp.3d at 267. Other similar decisions in this Circuit have reached identical conclusions. <u>Patterson</u>, No. 15-8159, Mem. Op. at 4 (D.N.J. Jul. 27, 2018); <u>Music</u>, 2007 WL 3085606, at *3 (concluding it "often weighs neither for nor against a fee award when the plaintiff seeks recovery only of the plaintiff's own benefits.")

### 5.   <u>The Relative Merits of the Parties' Positions</u>

The fifth and final consideration is the relative merits of the parties' positions. If a defendant's position was meritless, then this Court has found that fact favors an award of attorneys fees. <u>Levine</u>, 182 F.Supp.3d at 267. In <u>Patterson</u>, the court found that this factor favored the plaintiff, because "Aetna's decision was arbitrary and capricious under its own interpretation" of "own occupation[.]" <u>Patterson</u>, No. 15-8159, Mem. Op. at 5 (D.N.J. Jul. 27, 2018); *accord*, <u>Clauss</u>, No. 14-889, Mem. Op. at 20-21 (M.D. Pa. Jul. 21, 2016) (citing, <u>Haisley v. Sedgwick Claims Management Services, Inc.</u>, No. 08-1463, 2011 WL 4565494, at *4 (W.D. Pa. Sept. 29, 2011) (offering thereafter an extensive discussion regarding the reasonableness of claimed fees and costs).

### III.    REASONABLENESS OF FEES – THE LODESTAR METHOD

The lodestar calculation considers the number of hours reasonably expended on a matter, multiplied by a reasonable hourly rate. To determine whether attorney's fees are reasonable, courts multiply the number of hours reasonably expended by the reasonable hourly rate. Perdue v. Kenny A. *ex rel.* Winn, 130 S.Ct. 1662, 1669 (2010). The lodestar approach yields a presumptively reasonable fee. *See*, Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 310 (3rd Cir. 2008).

The party seeking attorneys fees has the initial burden to prove that the request is reasonable. E.C. v. School Dist. of Phila., 91 F.Supp.3d 598, 609 (E.D. Pa. 2015) (citing, Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3rd Cir. 1990)). Once the moving petitioner has submitted evidence supporting the hours worked and hourly rate claimed, the party opposing the fee application has the burden to show the requested fees to be unreasonable. *See*, id. (citing, McKenna v. City of Phila, 582 F.3d 447, 459 (3rd Cir. 2009)).

#### A.    Reasonable Hourly Rate

A reasonable hourly rate is determined by objective evidence of prevailing rates in the local market. Id., (citing Interfaith Cmty Org. v. Honeywell Int'l, Inc., 726 F.3d 403, 413 (3rd Cir. 2013)). A reasonable attorney fee is that which will enable claimants to find competent legal representation for the underlying dispute. Perdue, 130 S.Ct. at 1672-73.

The Philadelphia Community Legal Services ("CLS") hourly rate schedule is a barometer of generally-prevailing hourly rates in the Philadelphia market. Courts in this circuit have used the CLS rate schedule to help support determinations regarding prevailing hourly rates. Pelzer v. City of Phila., 771 F.Supp.2d 465, 470 (E.D. Pa. 2011); Maldonado v. Houstoun, 256 F.3d 181, 187-88 (3rd Cir. 2001) (commending use of the CLS fee schedule as "a fair reflection of the prevailing market rates in Philadelphia.")

Information regarding prevailing hourly rates for lead attorneys presenting ERISA disability insurance claims is also relevant to the inquiry. In the Philadelphia market, there is not much contemporaneous information regarding claimed hourly rates for ERISA disability insurance lead counsel. In Levine v. LINA, *supra*, No. 14-7050 (E.D. Pa. 2016), the motion for attorney fees (Docket No. 18, Page 7) claimed a lead attorney hourly rate of $450.00 per hour, supported by affidavits. One professor has opined, "In most cases, courts award attorney's fees at hourly rates of $500 or more."[1]

**B.  Reasonable Hours Worked**

A fee petition must contain information specific enough to allow a district court to determine if the claimed hours are reasonable for the work performed. E.C., 91 F.Supp.3d at 609 (E.D. Pa. 2015) (citing Washington v. Phila. Cnty. Court of Common Pleas, 89 F.3d 1031, 1037 (3rd Cir. 1996).

Regarding client communications, "Courts have repeatedly found time entries sufficiently specific where such entries merely indicate some sort of communication with a client without any exposition of the subject matter of the communication." Id. (citing Shanea S. v. Sch. Dist. of Phila., No. 12-cv-1056, 2014 WL 2586940, at *5 (E.D. Pa. June 10, 2014); Elizabeth S. v. Sch. Dist. of Phila., No. 11-1570, 2012 WL 2469547 (E.D. Pa. June 28, 2012)).

Regarding specificity of other time entries, a fee petition should offer "fairly definite information as to the hours devoted to various general activities, *e.g.*, pretrial discovery, settlement

---

[1] Pratt, David A., *Focus on . . . Attorney's Fees in ERISA Litigation* (August 15, 2017). Vol. 24 (no. 2) Journal of Pension Benefits 9 (Winter 2017). Available at SSRN: https://ssrn.com/abstract=3009412 (last accessed April 4, 2019).

negotiations, and the hours spent by various classes of attorneys[.]" <u>Washington</u>, 89 F.3d at 1037 (quoting <u>Rode</u>, 892 F.2d at 1190). The petition need only provide sufficient information regarding "what hours were devoted to various activities and by whom." <u>Id.</u> at 1038.

## IV.   <u>ARGUMENT</u>

### A.   <u>Because Mr. Adaikkappan is a prevailing party, this Court has discretion to award reasonable attorneys fees and costs to him.</u>

Mr. Adaikkappan prevailed in his lawsuit against LINA. This Court's Memorandum Opinion concluded LINA wrongly denied Mr. Adaikkappan benefits under the LTD Policy issued by LINA. Therefore, under <u>29 U.S.C. § 1132(g)(1)</u>, this Court has discretion to award reasonable attorneys fees and costs to Mr. Adaikkappan.

### B.   <u>Upon analysis of the five factors, this Court should award reasonable attorneys fees and costs to Mr. Adaikkappan.</u>

In exercising its discretion, this Court must consider five factors. <u>McPherson v. Emp.'s Pension Plan of Am. Re-Ins. Co.</u>, 33 F.3d at 254 (3d Cir. 1994); <u>Templin</u>, 785 F.3d at 867.

#### 1.   <u>LINA was culpable, and exercised bad faith in its dealings with Mr. Adaikkappan.</u>

This Court's Memorandum Opinion found multiple instances of culpable, bad faith conduct by LINA in this case. First, this Court correctly found that LINA's claims administrator instructed LINA's medical staff about what records the medical staff were to review. (Mem. Op. at 13). However, if an insurer actually valued medical expertise, the insurer would have its medical staff tell its claims administrator what medical records were relevant, not *vice versa*, as here. LINA's claim review protocol is calculated to place limiting blinders on the medical staff, which is culpable conduct.

Second, LINA is culpable because the "arbitrary and capricious" standard is a rather high threshold. As this Court noted, "When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." (Mem. Op. at 16). This Court also indicated that the "arbitrary and capricious standard is highly deferential[.]" (Mem. Op. at 17). Nonetheless, LINA was not able to provide this Court with a reasoned explanation for the outcome, based on the evidence. This is indicative of culpable conduct in this case.

Third, LINA's conflict of interest, as both payor of claims and arbitor of claims, requires LINA to be beyond reproach in its dealings with Plan participants. LINA owed Mr. Adaikkappan a fiduciary duty of the highest loyalty and selflessness in its dealings with him. LINA did not act in Mr. Adaikkappan's best interest in this case, indicating an inherent breach of fiduciary duty, suggesting culpability in this matter.

Fourth, LINA's denial of benefits was replete with long-recognized procedural anomalies. LINA reversed itself without new medical evidence supporting the reversal, LINA relied upon the opinions of non-treating physicians over treating physicians without reason, LINA conducted a self-serving paper review of medical files rather than pay for an independent medical examination, LINA failed to address all relevant diagnoses before terminating benefits, LINA relied on favorable parts and discarded unfavorable parts of the medical records, and LINA denied benefits based on lax investigatory procedures. (*See*, Mem. Op. at 18, for recognized procedural anomalies). This Court noted, in particular, LINA's wrongful reliance on non-treating physician opinions. (Mem. Op. at 20). LINA's abundant procedural anomalies rise to culpable conduct in this case.

Lastly, LINA willfully misled Mr. Adaikkappan, which is culpable conduct in this case. As this Court correctly found, when issuing its final denial of benefits, LINA told Mr. Adaikkappan

that LINA had reviewed his "complete file" when considering his appeal. (Mem. Op. at 20). However, in reality, as this Court correctly found: "LINA arbitrarily and capriciously ignored the existing record" when reviewing the denial of benefits appeal. (Mem. Op. at 21).

These examples lead to a conclusion that LINA acted with culpability or with bad faith, when it should have acted with the highest fiduciary loyalty instead. Therefore, this factor weighs in favor of granting reasonable attorney fees and costs in this case.

### 2. **LINA has the ability to satisfy an award of reasonable attorneys fees and costs.**

Generally, courts conclude that disability insurers are capable of satisfying awards of reasonable attorneys fees and costs. Generally, disability insurers do not contest their ability to satisfy an award of reasonable attorneys fees and costs.

Plaintiff does not anticipate that LINA will contest its ability to satisfy an award of reasonable attorneys fees and costs in this case. Therefore, this factor weighs in favor of awarding reasonable attorneys fees and costs in this case.

### 3. **An award of reasonable attorneys fees and costs in this case would have a deterrent effect on LINA and other employer-based group disability insurers.**

An award of reasonable attorneys fees and costs is the *primary* deterrent for unsound ERISA-based group disability insurer conduct. In the individual insurance marketplace, state law provides for punitive damages against culpable or bad faith insurer conduct. This creates an incentive for insurers subject to state law to avoid accusations of culpable or bad faith conduct against insureds.

ERISA-based group insurers lack the same incentive to treat their insureds fairly. At worst, an ERISA-based insurer will be ordered to pay simply *what it should have paid all along,* along with statutory interest and reasonable attorneys fees and costs. This greatly changes the risk/reward calculation for ERISA-based group insurers, and the result of that calculation alteration is evident

here. This Court effectively concluded that LINA could not offer a reasoned explanation, based on the evidence, for its denial of insurance benefits in this case. (*See*, Mem. Op. at 16).

Given that an award of reasonable attorneys fees and costs is the primary deterrent for LINA in this case, one must conclude that an award of reasonable attorneys fees would have a deterrent effect on LINA in this case. Therefore, this factor weighs in favor of granting an award of reasonable attorneys fees and costs to Mr. Adaikkappan.

### 4. <u>An award of reasonable attorneys fees and costs in this case would have a neutral impact on other Plan participants, or would confer benefit to them.</u>

As noted above, many courts, including this Court, have found that an award of reasonable attorneys fees and costs would have a neutral impact on other Plan participants. A finding of neutrality would neither weigh for or against an award of reasonable attorneys fees and costs.

A finding of neutrality makes sense. Insurance rates are predicated on the insurer's calculation about how many people will file claims, how many claims will be payable, and the likely dollar amount for which the insurer will be liable. In the ERISA-based insurance context, awards of reasonable attorneys fees and costs are a known risk, and insurers have already calculated that risk and liability into their policy premiums. Thus, a finding of neutrality makes sense.

However, one could see a benefit to other Plan participants in the identification and deterrence of illogical, arbitrary and capricious insurer behavior. As such behavior is identified, and deterred through awards of reasonable attorneys fees and costs, the likelihood of improved insurer behavior increases. Improved insurer behavior, in the form of avoiding illogical, arbitrary and capricious decision-making, is surely a benefit to other Plan participants. If that is a reasonable proposition, then this factor weighs in favor of awarding reasonable attorneys fees and costs in this case.

**5.   LINA's position was illogical, arbitrary and capricious, whereas Mr. Adaikkappan consistently exercised good faith and fair dealing, and was well-justified in this matter.**

In this case, LINA played a bad faith game of "guess what we want" with Mr. Adaikkappan. LINA never did tell Mr. Adaikkappan what, *exactly*, it was looking for in this case. LINA never explained why lymphedema had been sufficient grounds for finding disability when Mr. Adaikkappan's *employer* paid short-term disability benefits, but why it was no longer sufficient grounds for finding disability when *LINA* became liable for long-term disability payments. LINA never cited any medical standard of care (*i.e.*, peer-reviewed, evidence-based, generally-accepted guidelines) in any communications with Mr. Adaikkappan, nor was any such medical standard of care ever discussed in any of LINA's *internal* communications. LINA's position in this case was meritless, and based on a bad faith effort to avoid disability benefits exposure to the relatively young and well-paid Mr. Adaikkappn.

On the other hand, Mr. Adaikkappan exerted great effort to comply with LINA's continual demands to prove that his chronic, progressive, and irreversible lymphatic, cardiovascular, gastrointestinal, and neurological systems diseases had not miraculously improved. Mr. Adaikkappan personally explained to LINA how his numerous physical madadies impaired his ability to work at least 80% of a full-time schedule in his own occupation, in terms a layperson could understand. Nonetheless, Mr. Adaikkappan's efforts to help LINA understand the situation were used against him. Mr. Adaikkappan continually acted in good faith in this matter, and would have gladly provided LINA with whatever further evidence was needed that his incurable conditions had not improved, had LINA simply asked him.

Consideration of the relative merits of the parties' positions yields a conclusion that Plaintiff's position was meritorious, and that Defendant's position was illogical, arbitrary, and

capricious. Therefore, this factor weighs in favor of granting an award of reasonable attorneys fees and costs.

In sum, consideration of the five factors yields the conclusion that an award of reasonable attorneys fees and costs should be granted in this case. The issue then turns to what is reasonable in this case. Courts use the lodestar method, which is a reasonable hourly rate multiplied by the reasonable hours of work, to answer that question.

C. **The claimed hourly rate is reasonable in light of prevailing rates, Plaintiff's counsel's experience, and the difficulty of the litigated subject matter.**

The Philadelphia Community Legal Services ("CLS") hourly rate schedule is a barometer of generally-prevailing hourly rates in the Philadelphia market. The CLS schedule considers the number of years an attorney has been practicing law. *It does not envision considering how many years an attorney has been practicing any particular sub-specialty of law*. Such a consideration would be impractical, to say the least.

As offered in detail in Exhibit B, Plaintiff's counsel has 14 years of full-time experience working as an attorney in the greater Philadelphia market. The matters worked involved large-scale litigation involving amounts in controversy in the billions of dollars. Plaintiff's counsel's work was regularly and consistently billed to clients over the course of 14 years of full-time employment.

The CLS fee schedule suggests $425.00 per hour is an entirely reasonable rate for an attorney with 14 years of full-time experience as an attorney. Furthermore, it is consistent with prevailing rates for ERISA disability insurance work, as evidenced by the fee application in Levine v. LINA, *supra*, No. 14-7050 (E.D. Pa. 2016), wherein the motion for attorney fees (Docket No. 18, Page 7) claimed a lead attorney hourly rate of $450.00 per hour, supported by affidavits. Therefore, $425.00 is a reasonable hourly rate in this case.

**D.  The highly detailed exposition of claimed attorney hours worked is reasonable in each and every instance.**

A detailed, line-item list of attorney time worked in this litigation is attached as Exhibit C. From pre-complaint legal research, to review of the 1277-page administrative record, to drafting the complaint and subsequent memoranda, the time spent was entirely reasonable for the task.

Anticipating a potential complaint about the time spent in telephone and other client conference with Mr. Adaikkappan, the explanation is as follows. English is a second language for Mr. Adaikkappan. He hails from southern India, and his native tongue is Tamil. He speaks Tamil at home with his wife, who is less fluent in English than is Mr. Adaikkappan. Given the documented phone contact LINA had with Mr. Adaikkappan, found in LINA's Administrative Record, LINA had reason to know, at a minimum, that Mr. Adaikkappan was not a native-born American.

Additional time for discussions with Mr. Adaikkappan about this matter was reasonable and necessary. Mr. Adaikkappan has been in America for roughly a dozen years. He required additional time to learn and understand the American legal system, and its emphasis on efficiency. There are cultural considerations here as well. Mr. Adaikkappan rightly expects to be able to fully air all of his concerns, at every step of the process, and be given sufficient time to do so, without being rushed by his attorney to be more efficient about the whole thing. Concern for cultural background in client communication is appropriate.

Lastly, there is, of course, the linguistic difficulty itself as well. Mr. Adaikkappan is very fluent in English, however, many common American conversational colloquialisms are completely lost on him. Additional time to explain things fully was continually needed on the basis of Mr. Adaikkappan's linguistic skill deficit.

LINA had reason to know that Mr. Adaikkappan was not a native-born American, and the linguistic challenges that presented, and decided to pursue summary judgment rather than settlement in this matter. LINA now must live with the consequences of its litigation strategy in this case. Therefore, this Court should reject any complaint about the amount of time spent in client communication in this case.

## V.    CONCLUSION

In conclusion, this Court has discretion to award reasonable attorneys fees and costs to Mr. Adaikkappan. Under Third Circuit precedent, this Court's discretion must be informed by the five factors discussed above. Consideration of the five factors strongly weighs in favor of awarding reasonable attorneys fees and costs to Mr. Adaikkappan. The claimed hourly attorney rate is reasonable in light of prevailing market rates, counsel's experience, and the relatively limited class of attorneys equipped to successfully litigate against well-funded insurers issuing arbitrary and capricious insurance claim denials. The claimed hours of work are reasonable in every instance, and appropriate to the work required in this case. Therefore, this Court should grant Mr. Adaikkappan's Motion for Award of Reasonable Attorneys Fees and Costs.

Respectfully submitted,

**THE LAW OFFICE OF DANIEL M. McLean**

 /s/  Daniel M. McLean_____

Daniel M. McLean, Esquire
PA Attorney ID 93609
225 Cornell Avenue
Swarthmore, PA 19081
610-331-4259
*Attorney for Plaintiff,*
        *Vijay Murugesh Adaikkappan*

Date: April 4, 2019

15

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Motion for Award of Attorney Fees and Costs ("Motion"), Memorandum in Support of the Motion, and Exhibits A through C were served on the following counsel on April 4, 2019, via the Court's electronic filing system:

> James A. Keller, Esquire
> Amy S. Kline, Esquire
> Albert F. Moran, Esquire
> **SAUL EWING ARNSTEIN & LEHR LLP**
> Centre Square West
> 1500 Market Street, 38th Floor
> Philadelphia, PA 19102-2186
> Attorneys for Defendant,
> Life Insurance Company of North America

> /s/ Daniel M. McLean
> Daniel M. McLean, Esquire

Date: April 4, 2019